UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| LEAFGUARD OF KENTUCKIANA, INC., | ) ) ) |
| Plaintiff, | ) ) Civil Action No. 5: 15-237-DCR ) |
| V. | ) ) |
| LEAFGUARD OF KENTUCKY, LLC, et al., | ) ) **MEMORANDUM OPINION** ) **AND ORDER** ) |
| Defendants. | ) ) |

*** *** *** ***

Plaintiff LeafGuard of Kentuckiana, Inc. has moved to reinstate its claims against Defendant Englert, Inc. [Record No. 45] For the reasons that follow, that motion will be denied.

As explained more fully in prior opinions, Plaintiff LeafGuard of Kentuckiana, Inc. ("Kentuckiana") filed a Complaint against Englert, Inc. and other defendants in the Fayette Circuit Court on August 4, 2015. [Record No. 1-1, pp. 1-18] Kentuckiana claims that Englert breached its Distributor Agreement, breached its duties of good faith and fair dealing, and tortiuously interfered with Kentuckiana's contractual relations with other defendants. *Id.* On August 14, 2015, the defendants removed the case to this Court. [Record No. 1] That same date, Englert filed a motion to compel arbitration of Kentuckiana's claims based on a binding arbitration clause in the Distributor Agreement. [Record No. 4] After briefing and a hearing, the Court granted Englert's motion to compel on October 9, 2015, and stayed Kentuckiana's claims against Englert pending the outcome of

the arbitration. [Record No. 35] However, the Court did not stay the non-arbitrable claims between Kentuckiana and Defendants John Chambers and LeafGuard of Kentucky, LLC. *Id.*

On October 30, 2015, Kentuckiana moved the Court to reconsider its October 9th Order. [Record No. 37] The same day, LeafGuard of Kentucky, LLC filed a motion for summary judgment. [Record No. 38] On December 7, 2015, while these motions were pending, Englert filed the instant motion, arguing that this Court should reinstate Kentuckiana's claims against Englert because Englert has waived its right to arbitrate. [Record No. 45] As support, Kentuckiana relies on the following clause from the Distributor Agreement's arbitration section:

> 2. <u>Selection of Arbitrators</u>. Within thirty (30) days after delivery by either party of a written request for arbitration following the expiration of the ten-day period specified in Paragraph 1 of this Subsection, the parties shall endeavor to agree upon an arbitrator to resolve the issue. If the parties are unable to agree upon such person during such thirty (30) day period, then each party shall appoint an arbitrator within fifteen (15) days thereafter, and such arbitrators shall together designate a mutually agreed upon third arbitrator with expertise in the operation of distributorships. In the event that such arbitrators fail to designate such third arbitrator within fifteen (15) days following their appointment, either party may seek judicial appointment of such arbitrator in any court of competent jurisdiction.

[Record No. 1-1, pp. 34-35] According to Kentuckiana, Englert's motion to compel arbitration constituted "a written request for arbitration" under their agreement, thereby triggering the thirty-day period. [Record No. 45, p. 3] Because Englert has "sat idle and silent since the Court's Order granting the Motion to Compel Arbitration," Kentuckiana contends that Englert has waived its arbitration rights. *Id.*

"Although it has long been settled that a party can waive its contractual right to arbitration, . . . because of the strong presumption in favor of arbitration, waiver of the right to arbitration is not to be lightly inferred." *Johnson Assocs. Corp. v. HL Operating Corp.*,

680 F.3d 713, 717 (6th Cir. 2012) (internal citation and quotation marks omitted).  Waiver of an arbitration clause will only be inferred where the party seeking arbitration either: (i) "tak[es] actions that are completely inconsistent with any reliance on [the] arbitration agreement;" or (ii) "delay[s] its assertion to such an extent that the opposing party incurs actual prejudice."  *Id.* (internal quotation marks omitted).

Since Kentuckiana filed its Complaint, Englert has consistently asserted its right to arbitration.  A mere ten days after the suit was filed, Englert moved to compel arbitration.  Kentuckiana's suggestion that Englert should have immediately taken steps to secure a arbitrator before its motion to compel was decided is nonsensical.  In all likelihood, Kentuckiana would have opposed such an action.

Further, Kentuckiana, not Englert, has been the primary cause for delay.  Kentuckiana filed this suit in Kentucky state court despite the Distributor Agreement's binding arbitration provision and New Jersey forum selection clause.  *See* Record No. 1-1, pp. 34-36.  Less than thirty days after the Court decided that the Distributor Agreement did require the parties to attend arbitration, Kentuckiana filed a motion requesting that the Court reconsider its position.  [Record No. 37]  Kentuckiana obviously opposes arbitration, and Englert's decision to wait while the Court settles Kentuckiana's objections does not constitute a waiver.

Kentuckiana cites two cases involving waiver of arbitration.  Both are non-binding decisions of California state courts.  Neither case suggests that these circumstances warrant a finding of waiver.  *See Platt Pacific, Inc. v. Andelsen*, 862 P.2d 158, 161-62 (Cal. 1993) (finding waiver where the arbitration clause specifically required that a demand be filed before August 31, 1989, and the plaintiffs filed their demand in October of 1989); *Spence v.*

*Omnibus Indus.*, 119 Cal. Rptr. 171 (Cal. Ct. App. 1975) (requiring the defendant to pay the filing fee for arbitration where the defendant initiated the arbitration). Because Kentuckiana's allegations of waiver are meritless, it is hereby

**ORDERED** as follows:

1. Plaintiff LeafGuard of Kentuckiana, Inc.'s motion to reinstate its claims against Englert, Inc. [Record No. 45] is **DENIED**.

2. Plaintiff LeafGuard of Kentuckiana, Inc. **SHALL** prosecute all of its claims arising out of the Distributor Agreement in accordance with the terms of the arbitration provision in that document.

3. Plaintiff LeafGuard of Kentuckiana, Inc. and Defendant Englert, Inc. **SHALL** continue to file reports regarding the status of arbitration every sixty (60) days from the date of this Order.

This 31st day of May, 2016.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge